UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| SKYLER LYNN GUNNELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:21-CV-216-JEM |
| KILOLO KIJAKAZI,[1] Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties [Doc. 15]. Now before the Court are Plaintiff's Motion for Judgment on the Administrative Record [Doc. 18] and Defendant's Motion for Summary Judgment [Doc. 22]. Skyler Lynn Gunnell ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of Defendant Kilolo Kijakazi ("the Commissioner"). For the reasons that follow, the Court will **GRANT** Plaintiff's motion and **DENY** the Commissioner's motion.

I.  PROCEDURAL HISTORY

On November 2, 2018, Plaintiff filed an application for supplemental security income benefits pursuant to Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, claiming a period of disability that began on January 1, 2018 [Tr. 15, 138–43]. After his application was denied initially and upon reconsideration, Plaintiff requested a hearing before an ALJ [*Id.* at 64–

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration ("the SSA") on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

66, 74–79, 80–82]. A hearing was held on March 11, 2020 [*Id.* at 27–43]. On March 25, 2020, the ALJ found that Plaintiff was not disabled [*Id.* at 12–22]. The Appeals Council denied Plaintiff's request for review on April 8, 2022 [*Id.* at 1–3], making the ALJ's decision the final decision of the Commissioner.

Having exhausted his administrative remedies, Plaintiff filed a Complaint with this Court on June 14, 2021, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## II. ALJ FINDINGS

The ALJ made the following findings:

> 1. The claimant has not engaged in substantial gainful activity since November 2, 2018, the application date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: Crohn's Disease (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416,925 and 416.926).
>
> 4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except [h]e can lift and/or carry 20 pounds occasionally, 10 pounds frequently. He can stand and/or walk, with normal breaks, for a total of 6 hours per 8-hour workday, and can sit, with normal breaks, for a total of 6 hours per 8-hour workday. In terms of postural limitations, he can never climb ladders, ropes, or scaffolds, but he can frequently climb ramps and stairs, balance, kneel, stoop, crouch and crawl. He must be permitted to alternate between sitting and standing at 30 minute intervals while remaining on task and at the workstation. In addition, he would be absent up to 1 day per month due to flare-ups of Crohn's and/or medicine infusions. There are no further

2

limitations.

5.  The claimant has no past relevant work (20 CFR 416.965).

6.  The claimant was born on March 22, 1993 and was 25 years old, which is defined as a younger individual age 18–49, on the date the application was filed (20 CFR 416.963).

7.  The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8.  Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10.  The claimant has not been under a disability, as defined in the Social Security Act, since November 2, 2018, the date the application was filed (20 CFR 416.920(g)).

[Tr. 17–21].

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining whether the ALJ's decision was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner, and whether the ALJ's findings are supported by substantial evidence. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) (citation omitted); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a

3

conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. *Crisp v. Sec'y of Health & Hum. Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Additionally, the Supreme Court has explained that "'substantial evidence' is a 'term of art,'" and "whatever the meaning of 'substantial' in other settings, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). Rather, substantial evidence "means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). On review, the plaintiff "bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Hum. Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citation omitted). Furthermore, the Court is not under any obligation to scour the record for errors not identified by the claimant and arguments not raised and supported in more than a perfunctory manner may be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (noting that conclusory claims of error without further argument or authority may be considered waived).

## IV. DISABILITY ELIGIBILITY

"Disability" means an individual cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). An individual will only be considered disabled:

> if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 1382c(a)(3)(B).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520).

5

A claimant's residual functional capacity ("RFC") is assessed between steps three and four and is "based on all the relevant medical and other evidence in [the claimant's] case record." 20 C.F.R. §§ 416.920(a)(4), (e). RFC is the most a claimant can do despite his limitations. *Id.* § 416.945(a)(1).

The claimant bears the burden of proof at the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *Id.* At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)).

## V. ANALYSIS

Plaintiff raises two arguments on appeal. First, he alleges the ALJ erred in formulating his RFC because the ALJ found the August 14, 2019 opinion of gastroenterologist Ramanujan Samavedy, M.D. ("Dr. Samavedy") to be "persuasive" but failed to incorporate the excessive-bathroom-breaks limitation from the opinion into Plaintiff's RFC or explain why he did not do so. Second, Plaintiff argues the ALJ erred in failing to give appropriate consideration to the impact Plaintiff's anxiety and stress have on his abdominal pain, particularly in light of Dr. Samavedy's statements on the matter. Based on these alleged errors, Plaintiff requests that this Court vacate the Commissioner's final decision and remand this matter for further administrative proceedings.

After reviewing the parties' arguments, the Court finds the ALJ erred in failing to either incorporate the excessive-bathroom-breaks limitation from Dr. Samavedy's opinion into Plaintiff's RFC or explain why he did not do so. The Court further finds the ALJ's error was not harmless because the error prevents the Court from performing a meaningful review of the ALJ's

6

decision. Accordingly, the Court remands the case to the Commissioner for further proceedings. Since the Commissioner's reconsideration of Plaintiff's RFC on remand could impact the remaining portions of the disability analysis, the Court declines to consider Plaintiff's remaining argument regarding his mental health symptoms.

### A. Dr. Samavedy's Excessive-Bathroom-Breaks Limitation

Plaintiff argues that the ALJ erred when he found Dr. Samavedy's August 2019 opinion to be persuasive but omitted one of the opinion's limitations from Plaintiff's RFC and failed to explain the omission. The August 2019 opinion-in-question is a "Digestive Questionnaire" Dr. Samavedy filled out on Plaintiff's behalf [Tr. 487–88]. The questionnaire asked Dr. Samavedy to list Plaintiff's conditions and symptoms [*Id.* at 487]. The questionnaire then asked Dr. Samavedy to list Plaintiff's limitations as a result of these conditions [*Id.* at 488]. Dr. Samavedy responded by checking the box for "Crohn's Disease" [*Id.* at 487]. As for limitations, Dr. Samavedy opined that Plaintiff could "Sit 4-6 hours total 1 . . . hour[] at a time," "Stand 2-3 hours total 30 minutes . . . at a time," and "walk . . . 10-18 minutes . . . at a time" [*Id.* at 488]. Dr. Samavedy also opined that "Anxiety and stress leads to exacerbation of abdominal pain." Finally, in response to the question, "Does the patient require bathroom breaks (>3) during an 8 hour workday," Dr. Samavedy checked the box for "Yes" [*Id.*].

In assessing the persuasiveness of Dr. Samavedy's responses to the questionnaire,[2] the ALJ stated:

---

2    For claims filed on or after March 27, 2017, the ALJ must assess the persuasiveness of each medical opinion and administrative finding in the record. *See* 20 C.F.R. § 404.1520c(a). In making this determination, the ALJ must consider the "supportability" and "consistency" of the medical opinion with the remainder of the record and may consider other factors such as the medical source's relationship with the claimant, specialization, and familiarity with the SSA's policies and evidentiary requirements. *See id.* § 404.1520c(b)(2), (c)(1)–(5).

7

> I have considered the opinion of gastroenterologist Dr. Samavedy (Exhibit 6F). I find this opinion persuasive. Dr. Samavedy's opinion is supported by the medical evidence of record and generally consistent with the opinions of the State agency consultants except for the lifting/carrying of 50 pounds opined by the State agency reconsideration opinion. However, any suggestion that the claimant is unable to work due to anxiety and stress exacerbation of abdominal pain is not persuasive as there is no evidence of a severe mental health medically determinable impairment. He has not received any mental health treatment with appropriate medications or therapy.

[*Id.* at 19]. As Plaintiff notes, the ALJ ultimately adopted some, but not all, of the limitations Dr. Samavedy included in his opinion [Doc. 19 p. 7]. Specifically, the ALJ found:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except [h]e can lift and/or carry 20 pounds occasionally, 10 pounds frequently. He can stand and/or walk, with normal breaks, for a total of 6 hours per 8-hour workday, and can sit, with normal breaks, for a total of 6 hours per 8-hour workday. In terms of postural limitations, he can never climb ladders, ropes, or scaffolds, but he can frequently climb ramps and stairs, balance, kneel, stoop, crouch and crawl. He must be permitted to alternate between sitting and standing at 30 minute intervals while remaining on task and at the workstation. In addition, he would be absent up to 1 day per month due to flare-ups of Crohn's and/or medicine infusions. There are no further limitations.

[Tr. 18].

On appeal, Plaintiff argues the ALJ erred in omitting the excessive-bathroom-breaks limitation from Plaintiff's RFC and failing to explain the omission [Doc. 19 pp. 5–12]. In response, the Commissioner acknowledges the ALJ found Dr. Samavedy's August 2019 opinion to be persuasive and failed to discuss the portion of the opinion regarding the excessive-bathroom-breaks limitation [Doc. 23 p. 6].

### 1. The ALJ's Alleged Error[3]

In arguing the ALJ erred by omitting the excessive-bathroom-breaks limitation and otherwise failing to explain the omission, Plaintiff relies on Social Security Ruling 96-8p and the holdings of several courts within the Sixth Circuit that have interpreted this ruling. Specifically, Plaintiff relies on that portion of SSR 96-8p that states, "The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." [Doc. 19 p. 7 (quoting SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996))]. Plaintiff also cites to several cases from the Sixth Circuit—including two cases from this Court—that have found an ALJ errs when they find an opinion persuasive but fail to include one of the opined limitations in the claimant's RFC or explain why they did not do so [*Id.* at 7–10 (citing *Scott v. Berryhill*, No. 3:18-CV-28-HBG, 2019 WL 1290880, at *4 (E.D. Tenn. Mar. 20, 2019) (finding the ALJ erred by "fail[ing] to specifically address the specific standing and walking limitations in Dr. Uzzle's opinion, or explain if she also found the limitations in the opinion not credible" (citing SSR 96-8p)); *Kilgore v. Saul*, No. 1:19-CV-168-DCP, 2021 WL 932019, at *6 (E.D. Tenn. Mar. 11, 2021) (finding the ALJ erred by "fail[ing] to specifically review Plaintiff's ability to interact with her supervisors and coworkers, despite acknowledging moderate limitations in social interaction and finding persuasive the opinion of Dr. Sweenedy, which included a limitation to infrequent relating with supervisors and coworkers"); *Cooper v. Comm'r of Soc. Sec.*, No. 2:18-cv-67, 2018

---

[3] The Commissioner argues that the alleged error "was at best a harmless error" [Doc. 23 p. 6]. The Commissioner fails to argue or cite to any cases as to why the ALJ did not err, and arguments not raised and supported in more than a perfunctory manner may be deemed waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) (implying arguments not raised and supported in more than a perfunctory manner may be deemed waived). The Court nevertheless finds it is appropriate to address the alleged error in this case and finds the ALJ did err for reasons explained in this section.

WL 6287996, at *5 (S.D. Ohio Dec. 3, 2018) ("[W]here, as here, the ALJ assigns significant weight to a particular opinion and states it is consistent with the record, he *must* incorporate the opined limitations or provide an explanation for declining to do so." (emphasis added)); *Pope v. Comm'r of Soc. Sec.*, No. 15-12977, 2016 WL 8115399, at *9 (E.D. Mich. May 19, 2016) (finding that allowing ALJ's to "not address portions of a physician's opinion which are contrary to the RFC finding, even where the ALJ gives that physician's opinion great weight . . . . effectively deprives the court of the ability to conduct a meaningful review of the ALJ's decision to not include or otherwise account for limitations to which he otherwise gave great weight"))].

The Court's own review of the relevant case law has revealed additional cases that also support Plaintiff's position. *See Jomo T. v. Comm'r of Soc. Sec. Admin.*, No. 3:21-cv-105, 2022 WL 3446342, at *4 (S.D. Ohio Aug. 17, 2022) (finding the ALJ failed to fulfill his obligation of explaining why certain limitations were not included in the claimant's RFC despite weighing the opinion favorably); *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *8–10 (S.D. Ohio Dec. 21, 2017) (report and recommendation) (citing a separate provision of SSR 96-8p and finding the ALJ erred when "after giving great weight to Dr. Steiger's opinion, [the ALJ] failed to include at least one limitation from that opinion and did not explain this omission"); *Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio July 24, 2017) ("An ALJ must meaningfully explain why certain limitations are not included in the RFC determination, especially when such limitations are set forth in opinions the ALJ weighs favorably."), *report and recommendation adopted by*, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017); *Reed v. Comm'r of Soc. Sec.*, No. 1:16-CV-572, 2017 WL 1531872, at *6 (W.D. Mich. Apr. 28, 2017) (finding the ALJ erred by "not explain[ing] why he did not adopt [a] portion of the [medical source's] opinion despite giving it great weight"); *Bookout v. Comm'r of Soc. Sec.*,

10

No. 3:13-CV-463, 2014 WL 4450346, at *7 (E.D. Tenn. Sept. 10, 2014) ("If the ALJ deliberately declined to adopt a sit/stand limitation but agreed with the rest of Dr. Fletcher's opinion, the ALJ had a duty to explain as much.").

That being said, the Court's search also uncovered cases from this circuit that held an ALJ does not err when they find an opinion to be persuasive but fail to incorporate a limitation from that opinion into the claimant's RFC or explain why they did not do so. *See Ephraim v. Saul*, No. 1:20cv00633, 2021 WL 327755, at *13 (N.D. Ohio Jan. 8, 2021) ("[A]lthough the ALJ deemed Dr. Todd's opinion 'persuasive,' . . . he was not required to include every element of all of her proposed limitations in the RFC or explain why he did not adopt all of the proposed limitations."), *report and recommendation adopted by*, 2021 WL 325721 (N.D. Ohio Feb. 1, 2021); *Hedrick v. Berryhill*, No. 1:17CV2310, 2018 WL 6348759, at *6 (N.D. Ohio Nov. 14, 2018) (finding the ALJ did not err in assigning great weight to the state agency doctors' opinions but not adopting or addressing all of their opined limitations because the ALJ "was not bound by their opinions or legally required to include their specific limitations in his RFC for Plaintiff or explain why he did not adopt all of their limitations"), *report and recommendation adopted by*, 2018 WL 6344611 (N.D. Ohio Dec. 4, 2018); *Smith v. Comm'r of Soc. Sec.*, No. 5:11 CV 2104, 2013 WL 1150133, at *11 (N.D. Ohio Mar. 19, 2013) ("Simply put, there is no legal requirement for an ALJ to explain each limitation or restriction he adopts or, conversely, does not adopt from a non-examining physician's opinion, even when it is given significant weight.").

In looking at the rationales the courts have relied on in reaching their diverging conclusions, the Court notes that most—if not all—of the courts that have found an ALJ errs by omitting any reference to a limitation from a persuasive opinion rely on the fact that such an omission prevents the reviewing court from understanding the ALJ's reasoning. *See, e.g., Jomo*

11

*T.*, 2022 WL 3446342, at *4 ("Furthermore, by failing to explain why certain limitations were not incorporated into the RFC, an ALJ prevents the reviewing court from conducting a meaningful review to determine whether substantial evidence supports his decision."); *Cooper*, 2018 WL 6287996, at *5 ("Thus, the ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports his decision."); *Queen*, 2017 WL 6523296, at *9 ("The ALJ's failure to do so renders this Court unable to assess the ALJ's reasoning and understand why he did not incorporate Dr. Steiger's limitations in his RFC."). On the other hand, those courts that have found an ALJ's omission does not constitute error find there is no current, or past, legal authority that requires an ALJ to include every limitation from a persuasive opinion or explain why they failed to do so. In *Ephraim*, for example, the court noted that, "Under the previous regulations, when an ALJ accorded 'great weight' to a medical opinion, the ALJ was not required to adopt every facet of the opinion expressed by the medical source." *Ephraim*, 2021 WL 327755, at *13 (citing *Taylor v. Colvin*, No. 1:13CV222, 2013 WL 6162527, at *15 (N.D. Ohio Nov. 22, 2013)). The court then went on to find "[t]he Revised Regulations provide no basis for abandoning this precedent." *Id.* Similarly, in *Smith*, the court stated, "there is no legal requirement for an ALJ to explain each limitation or restriction he adopts or, conversely, does not adopt from a non-examining physician's opinion." *Smith*, 2013 WL 1150133, at *11.

The Court finds persuasive the rationale of those courts that have found an ALJ errs by failing to adopt or discuss a limitation from an opinion they find persuasive when the ALJ's omission prevents the reviewing court from understanding the ALJ's logic and reasoning. As applied to this case, even if the Commissioner has not waived any argument that the ALJ did not err, the Court finds the ALJ did err by failing to adopt or discuss a limitation from Dr.

Samavedy's August 2019 opinion, which the ALJ found persuasive, because, as explained below, the omission prevents this Court from understanding the ALJ's logic and reasoning and therefore conducting meaningful review.

### 2. Harmless Error

The remaining question is whether this error was harmless or, in the alternative, requires remand to the Commissioner for further proceedings. *See, e.g.*, *Queen*, 2017 WL 6523296, at *9–10 (determining whether the ALJ's omission of a limitation from an opinion the ALJ found persuasive was harmless or required remand). Plaintiff argues the ALJ's error was not harmless because "[h]ad the ALJ included a limitation consistent with excessive bathroom breaks, Plaintiff would likely have been found disabled" [Doc. 19 p. 10]. In support of this argument, Plaintiff notes that the ALJ expressly asked the vocational expert whether a hypothetical individual with (1) all of the same limitations the ALJ ultimately included in Plaintiff's RFC, (2) as well as a limitation that the individual "would be off task greater than ten percent of the time due to the need to take multiple trips to the bathroom" would be able to sustain employment [*Id.* (citing Tr. 41)]. The vocational expert testified that such an individual would be unable to sustain gainful work activity [*Id.*] Accordingly, Plaintiff argues that if the ALJ had found Plaintiff had an excessive-bathroom-breaks limitation, the ALJ likely would have found Plaintiff to be "disabled" at Step 5 [*Id.*].

In response, the Commissioner argues remand is not warranted because "the ALJ's decision remains supported by substantial evidence notwithstanding the fact that the ALJ did not discuss the bathroom breaks portion of Dr. Samavedy's opinion" [Doc. 23 p. 7]. The Commissioner notes "there was sufficient explanation elsewhere in the ALJ's decision to show why the ALJ declined to adopt the bathroom limitation from the otherwise-persuasive opinion,"

13

including "evidence showing that Plaintiff's Crohn's symptoms were in remission" and that "Remicade controlled Plaintiff's Crohn's-related limitations, including diarrhea" [*Id.* at 7, 8]. Thus, the Commissioner asserts that "the hearing decision, when considered as a whole, sufficiently if tacitly considered the issue of bathroom breaks" [*Id.* at 7].[4]

After reviewing the parties' arguments, applicable case law, and record in this case, the Court finds the ALJ's failure to include the excessive-bathroom-breaks limitation in Plaintiff's RFC or otherwise explain why he failed to do so is not harmless because the Court is unable to discern the ALJ's reasoning for omitting the limitation, even when considering the entirety of the ALJ's opinion. *See Bookout*, 2014 WL 4450346, at *8 ("Without any discussion by the ALJ regarding a sit/stand option, the Court is precluded from conducting a meaningful review of the disability determination." (citing *Blakely*, 581 F.3d at 409; *Wilson*, 378 F.3d at 544)); *see also Queen*, 2017 WL 6523296, at *10 ("The ALJ's failure to include such limitations is not harmless []. Based on this record, the Court cannot evaluate the ALJ's reasoning." (citing *Bookout*, 2014 WL 4450346, at *7)). Courts that have come to similar conclusions explain that they are unable to conduct a meaningful review of the ALJ's decision when the ALJ commits such an error, even

---

[4] The Court interprets the Commissioner's substantial-evidence argument as meaning the ALJ's opinion, as a whole, supports the omission of the excessive-bathroom-breaks limitation, as opposed to arguing the administrative record, as a whole, supports the omission. Plaintiff quotes *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546 (6th Cir. 2004), for the proposition that, "[T]o recognize substantial evidence as a defense to non-compliance [with the Commissioner's regulations], would afford the Commissioner the ability to violate the regulation with impunity and render the protections promised therein illusory" [Doc. 19 p. 11]. Since the substantial-evidence language from *Wilson* that Plaintiff relies on relates to the inability of the Commissioner to rely on the administrative record, as a whole, the Court finds this language from *Wilson* inapposite here.

14

when considering the ALJ's decision as a whole. *See id.*[5] They also recognize that while the Commissioner may attempt to remedy the court's inability to conduct a meaningful review of the ALJ's decision by providing a rationale for the ALJ's decision—including by citing to portions of the administrative record—these attempts at "*post hoc* rationalization" cannot cure the ALJ's error. *Bookout*, 2014 WL 4450346, at *8 (citing *Hyatt Corp. v. N.L.R.B.*, 939 F.2d 361, 367 (6th Cir. 1991)); *Queen*, 2017 WL 6523296, at *9–10 ("The ALJ's failure to include such limitations is not harmless error. Based on this record, the Court cannot evaluate the ALJ's reasoning and accepting the Commissioner's attempt to explain this omission would result in the Court 'engaging in *post hoc* rationalization, which is prohibited.'" (quoting *Miller v. Comm'r of Soc. Sec.*, No. 1:13–CV–1872, 2014 WL 3950912, at *13 (N.D. Ohio Aug. 12, 2014))).

Like these courts, the Court finds the ALJ's error was not harmless here because, even after reviewing the entirety of the ALJ's decision, the Court is unable to discern why the ALJ failed to include the excessive-bathroom-breaks limitation in Plaintiff's RFC. In the opinion, the ALJ found: "There are no further limitations" other than those he listed in Plaintiff's RFC [Tr. 18]; "[Plaintiff's] medically determinable impairments could reasonably be excepted to cause *some* of the alleged symptoms" but "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not *entirely* consistent with the medical evidence" [*Id.* at 19 (emphasis added)]; and "*Overall*, the objective evidence about the claimant's treatment history *generally* do not support his alleged loss of functioning" [*Id.* (emphasis added)]. In support of these findings, the ALJ cited to "Exhibits 2F, 4F, 5F, and 8F" and noted "treatment

---

[5] The Court notes this rationale is the same rationale used by these courts to determine an error occurred in the first place. *See supra* Section V.A.1; *see, e.g., Queen*, 2017 WL 6523296, at *9–10 (listing the court's inability to "assess the ALJ's reasoning" or otherwise "evaluate the ALJ's reasoning" as rationales for both why the ALJ erred and why the error was not harmless).

15

notes have indicated that he has good symptom control," "he had not had an overt flare" for a six-month period despite failing to receive treatment," and "treatment notes indicated [Plaintiff was in] remission" [*Id.* at 19]. After reviewing these statements, the Court finds that although the ALJ may have been referring to symptoms relating to Plaintiff's need for excessive bathroom breaks, the ALJ's wording is too broad and too ambiguous for the Court to discern whether these are the symptoms to which the ALJ was referring. The Court further finds that the ALJ's generalized citation to exhibits in the record does not resolve the ambiguity. For example, although the ALJ cites to Exhibit 8F, this exhibit contains physician notes from four separate doctors' visits, each of which contains references to Plaintiff's multiple symptoms [Tr. 500–08]. The Commissioner cites to specific portions of the transcript within her brief that she alleges support the ALJ's conclusion that Plaintiff's symptoms were under control and the extensive-bathroom-breaks limitation was unnecessary [Doc. 23 p. 6 (citing Tr. 506–07)]. This supplementation, however, crosses the line into prohibited *post hoc* rationalization. As the ALJ's decision does not, itself, set forth either what specific symptoms the ALJ found supported by the evidence or what specific evidence supported those findings, the Court is unable to extrapolate from the decision the ALJ's reasoning.

      The Court's inability to follow the ALJ's reasoning and otherwise conduct a meaningful review of his decision is made more problematic by the vocational expert's testimony that a hypothetical person with all of the same limitations the ALJ ultimately included in Plaintiff's RFC, plus an excessive-bathroom-breaks limitation, would not be able to obtain maintain a job existing in significant numbers in the national economy [Tr. 40–41]. The vocational expert's testimony indicates that whether Plaintiff required an excessive-bathroom-breaks limitation was a critical—if not dispositive—issue for whether Plaintiff would be considered "disabled" at Step

16

5 in the disability framework. As such, remanding the case for further proceedings "would [not] be an idle and useless formability" because "there is [] reason to believe that [it] might lead to a different result." *Jomo T.*, 2022 WL 3446342, at *4 (quoting *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 520 (6th Cir. 2011)).

For these reasons, the Court finds the ALJ's failure to either include the excessive-bathroom-breaks limitation in Plaintiff's RFC or expressly state why he did not do so is not harmless error but, rather, requires remanding the decision to the Commissioner for further proceedings consistent with this opinion.[6]

### B. The Impact of Plaintiff's Stress and Anxiety on his RFC

Plaintiff also argues that the ALJ erred by failing to give appropriate consideration to the impact Plaintiff's anxiety and stress have on his abdominal pain, particularly in light of Dr. Samavedy's statements on the matter. [Doc. 19 pp. 12–14]. Since the Court is remanding this matter because of the ALJ's failure to appropriately address Dr. Samavedy's excessive-bathroom-breaks limitation, and the "resolution of this issue on remand may impact the remainder of the [ALJ's] sequential evaluation process," the Court does not find it "necessary to address Plaintiff's remaining assignment of error" at this time. *King v. Kijakazi*, No. 1:20-CV-196-TAV-HBG, 2021 WL 3520695, at *9 (E.D. Tenn. July 21, 2021) (quoting *Palmore v. Comm'r of Soc. Sec.*, No. 1:20-CV-36, 2021 WL 1169099, at *9 (S.D. Ohio Mar. 29, 2021)), *report and recommendation adopted by*, 2021 WL 3516659 (E.D. Tenn. Aug. 10, 2021). The

---

[6] Although the Court is remanding the case for findings consistent with this opinion, the Court makes no determinations as to which limitations should ultimately be included in Plaintiff's RFC or whether, based off these limitations, Plaintiff should be found to be "disabled" under the regulations.

17

Court therefore takes no position on whether the ALJ erred in considering the impact of Plaintiff's stress and anxiety on his RFC.

## VI. CONCLUSION

Based on the foregoing, the Court will **GRANT** Plaintiff's Motion for Judgment on the Administrative Record [**Doc. 18**], and **DENY** the Commissioner's Motion for Summary Judgment [**Doc. 22**]. The decision of the Commissioner will be **REVERSED AND REMANDED** for further proceedings consistent with this opinion.

ORDER ACCORDINGLY.

Jill E. McCook
United States Magistrate Judge